George Tilzer, J.
In this action for a declaratory judgment, the plaintiffs, owners and operators of two or more taxicabs in the City of New York, seek a temporary injunction restraining the State Labor Relations Board of the State of New York from holding an election to choose a representative to bargain collectively on behalf of plaintiffs’ employees. The election is scheduled for 8:00 a.m. tomorrow morning, Friday, September 16, 1960. The matter was noticed for hearing at 3:00 p.m. this afternoon, September 15, 1960.
Four grounds are urged by the plaintiffs to warrant the court’s exercise of its discretion: (1) that the eligibility formula provided in the board’s directions of elections is erroneous and arbitrary, (2) that the board improperly directed that these various separate elections be conducted simultaneously, (3) that the board gave plaintiffs and their attorneys inadequate notice of the date when said elections were to be held, and (4) that the board’s selection of its offices at 270 Broadway, New York City, was erroneous and arbitrary.
Having considered the affidavits on the motion and having heard the plaintiffs, the defendants constituting the State Labor Relations Board, and a representative of the Taxicab Drivers & Terminal Employees Union, Local 826, International Brotherhood of Teamsters, the court is of the view that the facts and circumstances set forth in (1), (2) and (4) above do not warrant the granting of a temporary injunction. The denial of temporary relief as to these particulars will not deprive the plaintiffs of their right to raise such contentions at the appropriate time.
In connection with ground (3) above, however, the court is concerned as to the adequacy of the notice given not to the plaintiffs, but to their employees. The employees of the. plaintiffs, the taxicab drivers, are the ones who are going to choose their representative. It is they who are going to vote, tomorrow, beginning at 8:00 a.m. It is obvious, nevertheless, that many of these employees will never receive knowledge of the date of *893 the election. Although the instant proceedings have been pending before the defendant board since 1956, it was not until September 1 of this year that the board issued directions for elections to be held within 30 days. Then, following the denial of the plaintiffs’ motion for reconsideration on September 13, that is, Tuesday of this week, the board issued an oral direction to the plaintiffs that the election would be held on Friday, September 16, at 8:00 a.m. But those particularly involved, the employee-electors whose right of designation of representatives of their own choosing is the announced policy of the law to encourage (Labor Law, § 700), were first given notice of the election about noon of September 14 (Wednesday) when official notices of the election were distributed by the board’s agents at various garages. Thus, but a day and a half’s notice was given of the election. Moreover, in view of the fact that many of the regular part-time drivers of the approximately 1,000 employees eligible to vote do not report on Wednesday or Thursday, it is clear that they will not receive notice of the election until it is too late for them to cast their ballots.
The court concludes that the action of the board in giving but some 40 hours ’ notice of the election was contrary to the avowed purpose of the law and constituted a restraint and interference with the declared policy of the statute “ to protect employees in the exercise of full freedom of association, self-organization and designation of representatives of their own choosing for the purposes of collective bargaining”. (Labor Law, § 700.)
The court acts with great reluctance in the circumstances, realizing that its restraint affects a State agency. The court is aware that the precipitous haste of the State agency in directing an election after some four years of proceedings before it may have been due to their desire to synchronize the State election with that being conducted by the National Labor Relations Board. It is to be observed, nonetheless, that whereas the Federal agency gave adequate notice of their election, the State board gave but a day and a half. The court is mindful of the fact that the representative chosen by employees shall be their exclusive representative in respect of pay, wages, hours and conditions of employment. Anything which interferes with the employees’ choice in respect of this all-important election of a representative which dictates their every means of livelihood must be viewed as inimical to the purpose of the law. The action of the board, moreover, contrary to the oral arguments advanced before the court, may not be said to be a determination reviewable exclusively under section 707 of the Labor Law. Review under this section may be had only after the board has issued a *894 final order in an unfair labor practice proceeding. Nor may the direction of the board be viewed as a finding of fact reviewable only in connection with the review of a final order. The grievance presented to the court is not one to 1 ‘ review 5 ’ in the sense of that term as used in the law. Bather, in the posture of the proceeding before us, we are asked to strike down a direction of the board demonstrably contrary to the provisions of the act. Certainly the Legislature contemplated that the right given to employees pursuant to section 703 “to bargain collectively through representatives of their own choosing ’ ’ required that reasonable notice of such choice of election be given: In section 706, it is to be noted, it is provided with respect to a complaint against an employer that the board shall notice a hearing “ at a place therein fixed to be held not less than seven days after the serving of said complaint ’ ’. Surely employees given the right to designate a representative of their own choice (§§ 700, 703) are entitled at least to the same time or period of notice as to when that right is to be exercised as is an employer charged with an unfair labor practice. The court holds that the board’s failure to give adequate notice of the election scheduled for September 16, 1960 deprived the employees of the rights guaranteed to them by the State and nullified the board’s directions of elections. An election without electors would be a mockery.
The foregoing supplements an opinion handed down on the evening of September 15, 1960 (26 Misc 2d 55, which, with this opinion, constitute the full opinion of the court) wherein the court disposed of other issues raised by the plaintiffs and directed the defendant board to fix a time not less than seven days from the date of the order herein when an election shall be held.